IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LANCE A. DENNIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 23-130-RAW-GLJ |
| | ) |
| RANDY HARDING, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely or unexhausted.  (Dkt. 8). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma.  He is attacking his conviction and 13-year sentence imposed at the conclusion of a bench trial in McCurtain County District Court Case No. CF-2019-238A for Second Degree Robbery.  He raises two grounds for relief in his petition:

  I.   Sentence must be modified to the range for unenhanced Second Degree Robbery, no more than 10 years.

  II.  The United States and Oklahoma Constitutions require that an accused person be informed of the charges he must defend.

(Dkt. 1 at 5, 7).

**Petitioner's Letter to the Court**

On May 4, 2023, Petitioner filed a letter with the Court, stating that

> . . . [T]he same people who is under investigation for racism in McCurtain County, had also lied and testified in my trial.  McCurtain County Sheriff Kevin Clardy and Investigator Devin Black, along with Cynthia Schuler, who lied as she testified with others.  However, now that McCurtain County has been seen on the news for their

> racism, I hope to get some help on my case CF-2019-238A, respectfully. Because I did not have a fair trial and [was] sentenced to 13 years (non-violent). I have filed 28 U.S.C. & 23-[CV]-00130-RAW-GLJ and I am asking for you to review my case due to the racism in McCurtain County.

(Dkt. 7 at 1).

The letter asked this Court to dismiss his state case or reduce his sentence based on this information. *Id.* He did not ask to amend his petition to add a new claim about the alleged racism and false testimony in his case. Amendment of the petition to add this issue would transform it into a "mixed" petition with exhausted and unexhausted claims subject to dismissal, because Petitioner has not presented the allegations of racism and false testimony to the Oklahoma Court of Criminal Appeals (OCCA). *See* Docket Sheet for McCurtain County District Court Case No. CF-2019-238A (Dkt. 9-2). *See also Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (To satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding.). Therefore, the Court will consider Petitioner's letter (Dkt. 7) as a supplement to the petition (Dkt. 1).

**Statute of Limitations**

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). (Dkt. 8). Petitioner has not filed a response to Respondent's motion. Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that Petitioner's Judgment and Sentence was affirmed by the OCCA on August 5, 2021, in Case No. F-2020-587.  (Dkt. 9-1).  His conviction, therefore, became final on November 3, 2021, upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.  *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed).  The statutory year began to run the next day on November 4, 2021, and it expired on November 4, 2022.  *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the Judgment and Sentence becomes final and ends on the anniversary date).  This habeas corpus petition, filed on April 20, 2023, was untimely.

**Statutory Tolling**

Petitioner alleges his petition was untimely "[b]ecause the place where I'm in jail at doesn't have a real law room.  I can't get to the paper work I need until now." (Dkt. 1 at 23).  Petitioner,

however, cannot show that his alleged lack of access to "a real law room" constitutes a state-created impediment to filing under § 2244(d)(1)(B). Prisoners do not have "an abstract, freestanding right to a law library or legal assistance . . . ." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, they have "a right of access to the courts[.]" *Id*. at 350. "[A] lack of access to unspecified legal materials or legal assistance . . . "generally does not excuse prompt filing." *Castillo v. Attorney Gen. of N.M.*, 325 F. Supp. 1222, 1225 (D.N.M. 2018) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). The Tenth Circuit Court of Appeals has held that restrictions on access to legal materials "must have actually prevented the inmate from filing his application." *Aragon v. Williams*, 819 F. App'x 610, 613 (10th Cir. 2020) (citing *Garcia v. Hatch*, 343 F. App'x 316, 318 (10th Cir. 2009). Consequently, a petitioner claiming such an impediment must provide "sufficient facts suggesting that the state actively prevented him from accessing relevant legal materials, including those explaining AEDPA's filing deadline." *Christie v. Byrd*, 573 F. App'x 758, 759 (10th Cir. 2014) (citing *Marsh*, 223 F.3d at 1220-21). *See also Garcia*, 343 F. App'x at 318-19 (collecting cases).

Petitioner has provided the Court with practically no specific facts to support his claim about access to legal materials. *Cf. Roderick v. Salzburg*, 335 F. App'x 785, 787-88 (10th Cir. 2009) (a "conclusory claim as to inadequate access to legal materials is insufficient to account for [a] long delay" in filing a § 2254 petition). It is unclear what Petitioner means by "a real law room," and he fails to show how this was an impediment. (Dkt. 1 at 13). *Cf. Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

Petitioner alludes to an earlier inability to obtain unspecified documents he believes were necessary to vindicate his habeas claims, however, he stated he now can access the documents. (Dkt.

1 at 13). Respondent asserts those documents are Petitioner's brief to the OCCA and the OCCA's opinion affirming Petitioner's conviction and sentence. A copy of the brief is attached to the petition (Dkt. 1 at 17-39), and Petitioner does not claim he did not receive a copy of the opinion. Petitioner offers no explanation of why it took him more than a year to obtain documents, nor does he explain how his failure to obtain them can be attributed to the absence of a "real law room." (Dkt. 1 at 13). In summary, Petitioner has failed to adequately demonstrate the existence of a state-created impediment capable of triggering § 2244(d)(1)(B). *Cf. Christie*, 573 F. App'x at 759.

Concerning Petitioner's May 4, 2023, letter (Dkt. 7), Respondent contends that with a liberal construction, Petitioner could be attempting to invoke a new triggering date for his claims under § 2244(d)(1)(D), "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." A sister court has described the showing a petitioner must make to receive a new triggering date under § 2244(d)(1)(D):

> "The determination of the date on which the factual predicate for a habeas claim is first discoverable is a 'fact-specific' inquiry which requires a district court to analyze the factual bases of each claim and to determine when the facts underlying the claim were known, or could with due diligence have been discovered." *Rivas v. Fischer*, 687 F.3d 514, 534 (2d Cir. 2012); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("The one-year time period begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy.").
>
>> Those courts that have given meaning to the term agree that a factual predicate consists only of the "vital facts" underlying the claim [and] [t]he facts vital to a habeas claim are those without which the claim would necessarily be dismissed under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (requiring a district judge to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief") or Rule 12(b)(6) of the Federal Rules of Civil Procedure (allowing for dismissal of a civil complaint where the plaintiff has "fail[ed] to state a claim upon which relief can be granted").

> *Rivas*, 687 F.3d at 535 (citations omitted); *see also Cole v. Warden*, 768 F.3d 1150, 1155 (11th Cir. 2014). Thus, "if new information is discovered that merely supports or strengthens a claim that could have been properly stated without the discovery, that information is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *Rivas*, 687 F.3d at 535. Furthermore, "the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts." *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (citing *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000)).

*Huddleston v. Coffman*, No. 15-CV-02848-GPG, 2016 WL 8650109, at *2 (D. Colo. June 21, 2016).

The Court finds that Petitioner clearly cannot claim a new triggering date under § 2244(d)(1)(D) for his claims of racism and that certain witnesses lied at his trial. First, Petitioner's claim is stated so vaguely that it is not even clear what the "vital facts" underlying the claim are, let alone that he has identified a new factual predicate that could not have been earlier discovered with due diligence. *See Pettit v. Bryant*, No. 18-CV-0387-CVE-JFJ, 2018 WL 4224448, at *3-4 (N.D. Okla. Sept. 5, 2018) (indicating that habeas petitioner bore burden to demonstrate timeliness and diligence for purposes of § 2244(d)(1)(D)).

In addition, it appears that Petitioner is claiming that various individuals lied at his trial, and only now that they have been exposed for alleged racism, can he receive relief in his case. (Dkt. 7). Petitioner does not claim any connection between the recent events and the facts of his case or trial or that he did not realize the individuals lied until recent news events. At best, he is alleging that "new information [has been] discovered that merely supports or strengthens a claim that could have been properly stated without the discovery," which does not qualify as a new factual predicate under § 2244(d)(1)(D). *Huddleston*, 2016 WL 8650109, at *2 (internal quotes omitted). While recent events may have cast doubt on the credibility of certain witnesses at Petitioner's trial, he has not alleged or shown that the core or vital facts underlying his claim--that these witnesses provided false

testimony at trial--was previously unavailable to him. Indeed, petitioners are generally aware that the testimony at issue is false when it is being given at trial. *See Taylor v. Martin*, 757 F.3d 1122, 1124 (10th Cir. 2014) (citing *Craft v. Jones*, 435 F. App'x 789, 791 (10th Cir. 2011) (unpublished)). *See also Mehdipour v. Whitten*, CIV-19-206-C, 2019 WL 4858346, *2 (W.D. Okla. July 23, 2019) (unpublished) ("Where a habeas claim is based on alleged false testimony, the fact of the false testimony is generally discovered or discoverable at the time the witness gives the false testimony[.]"). After careful review, the Court concludes that Petitioner is not entitled to any statutory tolling.

**Equitable Tolling**

Courts may toll the limitation period for equitable reasons, but only when a petitioner has shown that he has diligently pursued his federal habeas claims, and there were extraordinary circumstances that prevented him from filing a timely petition. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007). *See generally Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)). The burden lies upon the petitioner to make a specific showing that would justify this remedy. *Yang*, 525 F.3d at 928. Without such a showing, this Court cannot grant equitable tolling. *See Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255-56 (2016) (describing equitable tolling's diligence and extraordinary circumstances requirements as "two elements").

The Court finds Petitioner has failed to demonstrate extraordinary circumstances or diligence in pursuing his claims. While he complains about his access to a "real law room" (Dkt. 1 at 13), limited access to legal resources "are ordinary circumstances for many prisoners." *Owens v. Whitten*,

7

637 F. Supp. 1245,1254 (N.D. Okla. 2022). *See also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-52 (6th Cir. 2011) (a petitioner's pro se status, limited law library access, and inability to access trial transcripts did not amount to an extraordinary circumstance); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("[A] prisoner's limited access to the prison law library is not grounds for equitable tolling."). Although the extent of limitations on access to legal resources sometimes can amount to a state-created impediment to filing, Petitioner "does not provide any specific facts about when these circumstances allegedly occurred or how they prevented him from filing a federal habeas petition before his limitation period expired . . ." *Owens*, 637 F 3d at 1254. A petitioner seeking equitable relief bears the burden of setting out specific facts that demonstrate "extraordinary circumstances." *Yang*, 525 F.3d at 928. Petitioner has not met this burden. Therefore, Respondent's motion to dismiss the petition as time barred (Dkt. 8) is granted, and the Court declines to address the issue of whether Petitioner has exhausted his state-court remedies.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**,

1. Petitioner's May 4, 2023, letter to the Court (Dkt. 7) is construed as a supplement to his petition for a writ of habeas corpus. (Dkt. 1).

8

    2.    Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is granted based on the statute of limitations.

    3.    Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 12th day of February 2023.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE